Chief Justice Bibb
delivered the Opinion of the Court.
The heirs of John Williamson exhibited their bills against, the heirs of John May and against the heirs of Gab J. Johnston, and stated that John Williamson, their ancestor, had a decree against McClarty’s heirs for five hundred acres of land, and it was supposed that McClarty had the lethal title, but it was non- discovered that John May’s heirs held the legal title, but as trustees for McClarty; and against, them the prayer is for the legal title—that Gab. J. Johnston claimed one hundred acres thereof, and asked an exhibition and proof of the justice of the claim Johnston’s heirs, are made parties—as to the in the prayer of the hill is, if the claim to the one hundred acres, made by their ancestor is just, that a division be made, and that they be allowed whatever part of the five hundred acres they are entitled to have.
The bill, as to May’s heirs was taken pro confesso.
Johnston’s heirs answered pad stated that said Williamson had, in his life time, executed an obligation to said Johnston, to convey one hundred acres of said one hundred, t. be taken off at either side or end, that he had sold it to Nash; that ’ commissioners had been appointed by the county court of Jefferson under the act of Assembly in such cases provided, and had made a division, and that Nash’s heirs were having on the laud; therefore, they pray that, their answer he a cross bill against Wash’s heirs, that they he made panics to receive the title to which Gab Johnston, their ancestor, was entitled. They refer to the bond of Williamson to their ancestor, remaining in the county court.
Nash’s heirs answer, and refer to the bond of Johnston to their ancestor for the one hundred a *254 cres, as remaining in the county court, and ask a conveyance accordingly.
Decree of the circuit court.
Decree for one defendant against another, on complainant’s prayer.
If a copy of a bond is read below without objection, it cannot be objected here, that the original was not produced.
Upon the hearing, the circuit Judge decreed that May's heirs convey to the complainants, Williamson's heirs, the title to the five hundred acres; that they should convey to Johnston’s heirs one, hundred acres, to he chosen off either side or end equal in quality, &c. and that Johnston’s heirs should convey to Nash’s heirs; and commissioners were appointed to Jay off, divide and abut the one hundred acres; the commissioners made their report, which was not excepted to; and it was approved. At a subsequent term, the conveyances not having been made, sit, the, day appointed by the decree, a commissioner was appointed to make the conveyances; who, accordance produced a deed from May’s heirs to Williamson's heirs for the five hundred acres, and from Williamson’s heirs to Johnston’s hairs for the one hundred acres, which were approved and ordered to record.
The complainants, Williamson’s heirs, have sued a writ of error, as against Johnston’s heirs and Nash’s heirs.
The first, objection is, to a decree in favor of the defendants, Johnston’s heirs, without a cross bill by Johnston’s heirs. This decree was asked by the complainants, themselves; the division with Johnston’s heirs, and a decree, to them, if entitled, was a specific abject prayed for by their own bill. Johnston’s heirs answered and shewed their right to the one hundred acres—and it was as proper to decree that prayer of the complainants, as it was la decree the oilier against May’s heirs.
Another objection is, that the court decreed to Johnston’s heirs without sufficient evidence, and upon a copy of the bond without proof of the original or copy. Whether the bond road in evidence was the original, with a certificate that it had been recorded, or a copy from the record of the county count, certified by the clerk, is not worth the enquiry, That exhibit referred to as being in the office of the county court, was, on the trial, read without ob *255 jection. And whether the complainants had seen the original in the office of tin* county court, and therefore, waived the trouble of compelling a production by subpœna duces tecum to the county clerk, or from whatever other motive, they waived objection to the exhibit and suffered it to be read; it is now too late to object, for the first time, in the appellate court. This has been before well settled.
Infant complainants are bound by the decree and shall not have time after full age to shew cause against it.
Objections to the report of a commissioner, appointed to lay off land, ought to be made in the circuit court.
Another objection is, that no time is given in the decree to the infant heirs, of Williamson to shew cause against it. That was not necessary; as infant complainants, they are hound by the decree.
The other objection to the decree is, that the court gave to Johnston’s heirs the. right to elect the side or end at which the one hundred acres should be taken, equal in quality and value to the residue: whereas the election should have been given to the complainants or fixed by the court. If, is to be observed, that the decree did confine the choice to side or end — did confine the quality and value in the precise words of the covenant, and appointed the commissioners to look to that qualify and value. Moreover, the commissioners’ report was returned, no exception was taken to it—and it was approved. It is difficult to perceive how the complainants have been injured by giving the defendants the choice under such restrictions. When that choice has been so exercised as not to have called forth any application to the court below, to whom if was returned, to correct abuse or injury; it does not seem to be. one of those complaints which is to be indulged in the appellate court. Who had the right to choose the side or end? It is admitted that the court might have directed it. But the. Judge, not. going on the. land to view the improvements or possession held by the one party or the other, and not being informed at which side or end it would be most convenient to lay off the one hundred acres, did not direct that matter, otherwise than by referring it to the defendants to choose, subject to the restrictions of quality and value, to be regulated by the commissioners, and subject to the correction of *256 the court, by exception to the report, if the complainants should be injured by an abuse of that election or any improper figure given to the one hundred acres.
Covenant to convey 100 acres of land, a part of a tract of 600 acres, "to be taken off either side or end, equal in quality and value with the balance,” gives to the covenantee after breech by covenantor, the right to select the side or end.
Logan for plaintiffs; Denny, Attorney General, for defendants.
The writing was a direct covenant by Williamson, lo convey by the 1st January 1809, one hundred acres, part of the the hundred acres, “to be taken off either side or end, equal in quality or value to the balance.” These are not the words of a condition to be taken most favorably to the obligor, but the words of the covenant itself, to he taken most strongly against the covenantor. If the obligor originally had his election, he, was bound to lay off and convey the one hundred acres by day appointed, and having tailed to do so, and died difficult having performed his covenant, his right of election was lost, and give to Johnston; and there, was no wrong done in suffering the heirs of Johnston to make the election, under the restrictions and safeguards of the decree. (See Co. Litt. 145. a. — ) There has been no wrong then, theoritically or practically, by giving the election to Johnston’s heirs.
The decree is affirmed with costs.